Not for Publication

**United States District Court
for the District of New Jersey**

| | |
|---|---|
| AMERICAN BOARD OF INTERNAL MEDICINE, | |
|         *Plaintiff*, | Civil No: 14-6428 (KSH) |
| v. | |
| JAIME ANTONIO SALAS RUSHFORD, M.D., | **Opinion** |
|         *Defendant*. | |

**Katharine S. Hayden, U.S.D.J.**

      Plaintiff American Board of Internal Medicine ("ABIM") filed this action for copyright infringement against Jaime Antonio Salas Rushford, M.D. claiming that he copied and distributed materials derivative of ABIM's board certification exam questions. Salas Rushford has since filed three motions: D.E. 8, to dismiss the complaint for lack of personal jurisdiction; D.E. 17, for sanctions against ABIM, arising out of its filing of a protective action in the District of Puerto Rico; and D.E. 18, to stay the proceeding pending resolution of that second-filed action. For the reasons that follow, all motions are denied.

**I.    Background**

      In late 2008, Salas Rushford, a resident of Puerto Rico, registered for both the board certification exam in internal medicine and, to prepare for it, the Arora Board Review course ("Arora Course" or "ABR"). On or about November 5, 2008, he submitted an order form for the Arora Course and mailed the same to the business address provided—389 East Mount Pleasant Avenue, Livingston, New Jersey 07039. He also communicated a number of times with Dr. Rajender K. Arora, M.D., the proprietor and representative of ABR, before he attended the course from May 18-23, 2009 in New York City.

ABIM alleges that Salas Rushford and Arora continued to communicate, primarily via email, up until the date of the exam on August 20, 2009. It was through these emails, ABIM alleges, that Salas Rushford forwarded copyrighted examination questions to Arora for use in the Arora Course. ABIM claims that "[t]hree days after the course ended, Dr. Salas Rushford sent a series of e-mails to Dr. Arora attaching multiple documents with what Dr. Salas Rushford described as materials provided to him by his colleagues." (ABIM Opp. at 4.) On August 12, 2009, after calling Arora at his New Jersey office, Salas Rushford allegedly sent him an email "attaching seven pages of [Salas Rushford's] handwritten notes containing detailed content from the ABIM [e]xamination given that same day." (Compl., ¶ 36.) Salas Rushford sent another email to Arora that evening, attaching three additional pages of handwritten notes and describing the content as "[a] more complete list … 20+ questions." (Compl., ¶ 37.) ABIM asserts that the material Salas Rushford "e-mailed to [Arora] in New Jersey" consisted of "detailed questions from the ABIM [e]xamination taken by a residency colleague of [Salas Rushford] that same day." (Compl., ¶ 38.)

ABIM became aware of these communications upon searching Arora's offices in Livingston, New Jersey pursuant to an *ex parte* seizure order obtained in a related action, *American Board of Internal Medicine v. Arora*, No. 09-5707 (E.D. Pa.). ABIM alleges that this pattern of communication persisted through August 19, 2009, the day before Salas Rushford sat for the board certification exam in San Juan. In all, Salas Rushford "sent more than 25 e-mails to Dr. Arora in New Jersey." (Declaration of Dr. Rebecca S. Lipner, ¶ 9 (hereinafter "Lipner Decl.").)

## II. Procedural History

ABIM filed this action on October 17, 2014. The complaint asserts one count for copyright infringement and alleges that ABIM's certifying examination in internal medicine is a copyrighted

2

original work pursuant to 17 U.S.C. § 102 and that Salas Rushford's "unauthorized copying and distribution of" work based on that examination in interstate commerce constitutes actual infringement. (Compl., ¶¶ 51-55.) On December 12, 2014, Salas Rushford moved to dismiss for lack of personal jurisdiction, arguing that his contacts with New Jersey are insufficient to render him subject to this Court's jurisdiction.

On January 11, 2015, ABIM filed a federal action in the District of Puerto Rico to protect against the possibility that the first-filed case would be dismissed for lack of personal jurisdiction.[1] (P.R. D.E. 1.) Just two weeks later, and despite the fact that he was never served, Salas Rushford moved to dismiss (P.R. D.E. 4) on grounds that the complaint was time-barred under the applicable three-year statute of limitations. On February 20, 2015, ABIM moved to stay the action pending this Court's resolution of Salas Rushford's motion to dismiss for lack of personal jurisdiction. (P.R. D.E. 15.) ABIM also moved to strike and/or dismiss a counterclaim filed by Salas Rushford against ABIM and individual physicians involved with the administrative action taken against him.[2] (P.R. D.E. 33.)

While the motion to dismiss now before the Court was still pending, Salas Rushford also filed two additional motions in this district seeking to stay the instant proceeding pending resolution of the Puerto Rico action, and for sanctions against ABIM on the grounds that (a) the Puerto Rico action was filed without notification to defendant's counsel and therefore constituted a violation of Local Civ. R. 11.2 and (b) the assertion of the instant copyright claim with a clear

---

[1] The second-filed action is captioned *American Board of Internal Medicine v. Salas Rushford*, No. 15-1016 ("Puerto Rico action"), and references to items filed therein shall be designated "P.R. D.E.".

[2] As of the date of this opinion, none of the motions filed in the Puerto Rico action and identified here has been resolved.

jurisdictional defect warrants sanctions under Fed. R. Civ. P. 11.  (D.E. 17.)  The Court addresses each in turn.

### III.    Motion to Dismiss: Personal Jurisdiction

#### a.    Legal Standard

Federal Rule of Civil Procedure 12(b)(2) provides for the dismissal of a complaint for lack of personal jurisdiction.  The plaintiff bears the burden of establishing sufficient facts to show jurisdiction, *Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2001), and in weighing these facts the court must accept the plaintiff's allegations as true.  *See Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002).  While disputed issues are construed in favor of the plaintiff, allegations may be contradicted by the defendant through opposing affidavits or other evidence, at which point the plaintiff must respond with "actual proofs, not mere allegations." *Patterson by Patterson v. FBI*, 893 F.2d 595, 603 (3d Cir. 1990).  Should plaintiff so respond, the court must then determine whether the pleadings and supporting proofs set out a prima facie case of personal jurisdiction. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).  "Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 632 (D.N.J. 2004); *see also Mellon Bank (East) PSFS v. Farino,* 960 F.2d 1217, 1226 (3d Cir. 1992) (burden shifts to defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.")

A defendant is subject to the jurisdiction of a federal district court if the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]"  Fed. R. Civ. P. 4(k)(1)(A); *see also Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) ("A district court sitting in diversity may assert personal jurisdiction over

a nonresident defendant to the extent allowed under the law of the forum state."). "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law," *Miller Yacht Sales*, 384 F.3d at 96, and the New Jersey long-arm statute "permits the exercise of personal jurisdiction to the fullest limits of due process." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998); *Leja v. Schmidt Mfg., Inc.,* 743 F. Supp. 2d 444, 458 (D.N.J. 2010) (R. 4:4-4(b)(1) vests courts sitting in New Jersey with jurisdiction over non-residents to the "uttermost limits permitted by the United States Constitution.").

Under the due process clause, exercise of personal jurisdiction over a non-resident defendant is appropriate when he has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A defendant establishes minimum contacts by "purposefully avail[ing] [himself] of the privilege of conducting activities within the forum state," thereby invoking "the benefits and protections of [the forum state's] laws." *Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of California*, 480 U.S. 102, 109 (1987). The "purposeful availment" requirement ensures that the defendant could reasonably anticipate being haled into court in the forum state on the basis of something more meaningful than "random," "fortuitous," or "attenuated" contacts. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The court must consider the nature and extent of such contacts in determining whether personal jurisdiction is sufficiently stated, and may exercise jurisdiction only where the cause of action is related to or arises out of the defendant's activity within the forum state. *See O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312, 317 (3d Cir. 2007). "If the cause of action has no relationship to a defendant's contacts with a forum state, the court may nonetheless exercise

general personal jurisdiction over the defendant if the defendant's contacts with the forum state are so 'continuous and systematic' as to render the defendant essentially 'at home' in the forum state." *DeJesus v. Mohammad*, 2015 WL 1969143, at *3 (D.N.J. Apr. 29, 2015) (Hillman, J.) (quoting *Daimler AG v. Bauman*, __ U.S. __, 134 S. Ct. 746, 754 (2014)).

### b. Analysis

The Court may exercise jurisdiction over Salas Rushford if it is shown that he purposely directed activities at residents of New Jersey and that this litigation arose out of such conduct. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Applying this standard, the Court finds personal jurisdiction to be stated here.

The claims ABIM raises against Salas Rushford concern his distribution of copyrighted examination questions to Dr. Rajender Arora, proprietor of the New Jersey-based Arora Board Review course. Salas Rushford registered for the program in May 2009 and, although the Arora Course was administered in New York, he sent his order form and check for the course fee by U.S. mail to Arora's business address in Livingston, New Jersey. On the first day of the course Arora informed Salas Rushford and the other attendees that, "when you go to the exam and you find certain questions which were new to you, I would like to know what they are, so you can help the next class, because the previous class is helping you, so you're supposed to help the next class, if you can." (Lipner Dec., ¶ 7.)

Three days after the course ended, and in light of this instruction, Salas Rushford began sending emails to Arora attaching documents that he described as material provided to him by his colleagues. (Lipner Dec., ¶ 8(a).) The following day, Salas Rushford emailed Arora regarding the date and location of a secondary review course, and Arora informed him that the course would take place at the Livingston, New Jersey location.

Salas Rushford continued to communicate with Arora in the days just prior to his board examination. ABIM alleges on information and belief that, on August 12, Salas Rushford called Arora on the telephone number associated with Arora's New Jersey office, which began with an area code associated with northern New Jersey. Salas Rushford does not dispute that allegation, and concedes in his declaration that he discussed "study material" with Arora before taking the exam. Salas Rushford's email correspondence with Arora that same day also confirms that the call took place—he writes, "as per our conversation a few minute[s] ago … [h]ere is the info." (Lipner Decl. ¶ 8(c).) ABIM submits that, in the week prior to Salas Rushford's examination in August 2009, "he sent more than 20 emails to Dr. Arora in New Jersey … and many of those emails contained substantial and detailed content from ABIM's copyrighted Internal Medicine Examination." (Lipner Decl., ¶ 9.) In all, ABIM alleges that the records obtained through the December 2009 seizure at Arora Board Review's office in New Jersey demonstrate that Salas Rushford "sent more than 25 emails to Arora in New Jersey." (Lipner Decl., ¶ 9.)

The Court finds these contacts sufficient to demonstrate that Salas Rushford purposefully directed his conduct toward the forum state—specifically, toward a New Jersey business and a New Jersey resident. All that is required to meet this standard is "at least 'a single deliberate contact' with the forum state that relates to the cause of action." *Vanz, LLC v. Mattia & Assocs.*, 2014 WL 1266220, at *5 (D.N.J. Mar. 26, 2014) (Wigenton, J.). Here, there are close to 30. And almost all of these contacts, particularly those emails sent just prior to Salas Rushford's board exam, gave rise to this litigation directly.[3] ABIM therefore alleges facts sufficient to show

---

[3] Salas Rushford argues without support that ABIM failed to carry its burden in showing these contacts gave rise to the litigation. The Court disagrees. The Lipner Declaration identifies at least six emails that contained "questions from the Internal Medicine Examination." Salas Rushford does not refute these allegations directly, and argues only that (1) he did not know the

7

personal jurisdiction. *See Grand Entertainment Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir 1993) (affirming exercise of personal jurisdiction over foreign defendants who had twelve phone calls with a resident of the forum state for purposes of contract negotiation); *Vanz, LLC*, 2014 WL 1266220 (finding personal jurisdiction where non-resident defendant was a limited participant in less than four conference calls and a "cc'd" recipient of emails involving the subject of the lawsuit); *One World Botanicals v. Gulf Coast Nutritionals*, 987 F. Supp. 317, 323 (D.N.J. 1997) (exercising personal jurisdiction in a trademark infringement case where non-resident's only contact with New Jersey was its one-time mailing of products bearing infringing marks).

Salas Rushford's principal argument in response is that he "merely forwarded some emails containing content from unknown originations" and that he was unaware "the email[s] [were] being sent to a recipient in New Jersey" at the time. (Defendant Br. at 10.) In support, he cites to *Advanced Tactical Ordnance Sys. LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) for the proposition that "[t]he connection between the place where an email is opened and lawsuit is entirely fortuitous." Salas Rushford claims that this authority, among others, supports the conclusion that his "forwarding of emails … is not an intentional act whereby [he] availed himself with the expectation of being haled into [court] in New Jersey." (Defendant Br. at 12.)

But most of the case law on this issue—including decisions in this district—calls for a more precise analysis. In *Shrader v. Biddinger*, 633 F.3d 1235 (10th Cir. 2011), the Tenth Circuit considered whether specific personal jurisdiction could be exercised over a non-resident defendant who sent defamatory emails to forum state residents. The court noted, as consistent with *Advanced Tactical*, that "[a]lthough email is directed to particular recipients, email addresses typically do

---

material was copyrighted and (2) ABIM failed to identify "what content [in the exhibits] constitutes ABIM copyrighted information."

not reveal anything about the geographic location of the addressee." *Id.* at 1248.  And in light of this difference between sending an email and mailing a letter (where one must physically write out the recipient's address), the court cautioned that "if the plaintiff does not show that the defendant otherwise knew where the recipient was located, the email itself does not demonstrate purposeful direction of the message to the forum state, even if that happens to be where the recipient lived." *Id.* at 1248-49.  In *Watiti v. Walden Univ.*, 2008 WL 2280932 (D.N.J. May 30, 2008) (Pisano, J.), the court characterized this analysis in substantially identical fashion, holding that "where an asserted basis for personal jurisdiction is email communications, a threshold question that should be asked with respect to the issue of 'purposeful availment' is whether there is any indication in the substance of the emails, the email address itself, or other facts incident to the communications that the sender of the emails was aware that the recipient was located in or would be accessing the emails from the forum state." *Id.* at *11.

 Unlike the defendants in *Watiti* and *Shrader*, Salas Rushford was aware from the outset that his alleged distribution of copyrighted material would reach the forum state.  Before he sent his first email to Arora, Salas Rushford knew that the company was based in New Jersey, having paid for the course with a check mailed to Arora's New Jersey address.  (Compl., ¶ 32) ("Dr. Salas submitted an Order Form for attendance [at the Arora Course] … [and] sent the Order Form through the United States mail to [Arora Board Review's] address in Livingston, New Jersey.")  Months later, before the email communications began in earnest, Salas Rushford allegedly called Arora at his New Jersey office.  And just a "few minute[s]" after the call ended, Salas Rushford emailed Arora copyrighted material "as per [that] conversation."  (Compl., ¶¶ 36-40.)

 In response, Salas Rushford provides no support for the notion that he was unaware Arora "was located in or would be accessing the emails" in New Jersey—his affidavit fails to refute this

9

(nearly inescapable) conclusion directly, and his memorandum of law (which is not evidence) states only that that "he had no way of knowing when, where or on what device Dr. Arora opened, read or received his emails." (Defendant Br. at 12.) This is insufficient to rebut ABIM's showing of minimum contacts and, given Salas Rushford's failure to refute with specifics, any question of fact regarding his knowledge of Arora's location is to be construed in ABIM's favor. *See Miller Yacht Sales*, 384 F.3d at 97 ("[P]laintiff need only establish a prima facie case of personal jurisdiction and [is] entitled to have its allegations taken as true and all factual disputes drawn in its favor.").

He also fails to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 150 (3d Cir. 1992). In addressing this question, the Court may contemplate "the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies." *Miller Yacht Sales*, 384 F.3d at 97. "In short, the Court considers whether such factors make the exercise of jurisdiction so gravely difficult and inconvenient that a party unfairly is at a severe disadvantage in comparison to his opponent." *MPN Software Sys. v. Integrated Practice Solutions, Inc.*, 2014 WL 47759, at *4 (D.N.J. Jan. 6, 2014) (Martini, J.).

Salas Rushford contends that suing him in New Jersey would offend traditional notions of fair play and substantial justice because he would have to bear the cost and spend the time travelling from Puerto Rico to the District of New Jersey. This fails to satisfy his "heavy" burden here. *Grand Entertainment*, 988 F.2d at 483 ("The burden on a defendant who wishes to show an absence of fairness or lack of substantial justice is heavy."). As a threshold matter, courts typically

10

have held that travel burdens alone are insufficient to render an assertion of jurisdiction unfair. And the First Circuit has specifically found that, "[i]n the modern era, the need to travel between New York and Puerto Rico creates no especially ponderous burden for business travelers." *Pritzker v. Yari*, 42 F.3d 53, 64 (1st Cir. 1994) (rejecting challenge to the district court's exercise of personal jurisdiction). More importantly, however, Salas Rushford overlooks the fact that he is alleged to have distributed copyrighted material to an entity that was located in New Jersey and that planned to exploit such material through the Arora Course in New Jersey, establishing that New Jersey has legitimate interests in the dispute and its resolution.

**IV.   Motion to Stay**

Salas Rushford also moves to stay the instant proceedings pending resolution of the action currently pending in the District of Puerto Rico. The Court may, in its discretion, stay a proceeding "whenever the interests of justice" mandate such action. *U.S. v. Kordel*, 397 U.S. 1, 12 n.1 (1970). This power is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Muller v. M.D. Sass Associates, Inc.,* 1992 WL 80938, at *3 (D.N.J. Apr. 22, 1992) (Wolin, J.). In making such a determination, courts must be mindful that the stay of a civil proceeding constitutes "an extraordinary remedy." *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998). Salas Rushford submits that the action should be stayed because the Puerto Rico action is "in a better procedural and substantive footing to advance the adjudication of the issues between the parties."

However, given this Court's finding that personal jurisdiction exists, many of Salas Rushford's arguments in support of a stay are moot. His fear that pursuit of this action would waive his asserted defense to personal jurisdiction is no longer a concern, and the Court has

rejected his arguments about the cost and time spent travelling to this district and has found no merit in his position that jurisdiction was in question here. His remaining arguments are also deficient. Salas Rushford argues that ABIM engaged in forum shopping and acted in bad faith by filing concurrent actions. The Court disagrees. ABIM filed an action in the District of New Jersey and, after personal jurisdiction there came under attack, filed a second action in the District of Puerto Rico to protect against the statute of limitations. ABIM represents further that it did not serve Salas Rushford, and that the litigation progressed in Puerto Rico only because he found out about the filed lawsuit and moved to dismiss. Taken together, these events do not call for a stay of this action, nor does the Court accept Salas Rushford's argument that the Puerto Rico action is at a more advanced stage. As a threshold matter, it is not. The parties here attended an initial pretrial conference before Magistrate Judge Cathy L. Waldor on April 6, 2015, and have since exchanged discovery (and fought over the same) pursuant to Judge Waldor's initial pretrial order. No such activity has taken place in the Puerto Rico action, and no substantive opinion has been rendered on any motion filed. The Court also notes that much (if not all) of the activity in that action was necessitated by Salas Rushford himself.

With no factor strongly supporting Salas Rushford's position, and no "clear" indication of "hardship or inequity" looming in the event his motion is denied, the Court in its discretion defers to the first-filed rule, which dictates that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject matter must decide it." *EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988). Courts should depart from the rule only in the face of "rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping." *Id.* at 971-72. Salas Rushford has failed to advance any such "rare or extraordinary circumstance" and his desire to litigate closer to home is insufficient to compel a stay of the instant proceeding.

**V.     Motion for Sanctions**

Finally, Salas Rushford moves for sanctions to be imposed against ABIM for three equally deficient reasons. First, he argues that New Jersey action was frivolous because it was filed with a "clear jurisdictional defect." This Court's opinion rejects that. Second, he maintains that the filing of two separate actions constituted "abusive conduct" and a waste of judicial resources. This argument is insufficient because, as ABIM points out, any burden placed on Salas Rushford in the Puerto Rico action was self-imposed. ABIM submits that it had no plans to serve defendant in that action unless personal jurisdiction was found lacking here—it was Salas Rushford who moved to dismiss the complaint, and Salas Rushford who filed a (procedurally improper) counterclaim that necessitated further litigation.[4] Finally, Salas Rushford argues that counsel for ABIM failed to comply with Fed. R. Civ. P. 11 and Local Civ. R. 11.2 by failing to disclose the pendency of the Puerto Rico action to this Court. By its very terms, however, Local Civ. R. 11.2 requires counsel to certify as to the existence of a related action in "[t]he initial pleading, motion or other paper" filed in this Court. The filing in New Jersey preceded the filing in Puerto Rico, and that rule is therefore not at issue. Salas Rushford's motion for sanctions is denied.

**VI.    Conclusion**

For the foregoing reasons, defendant Salas Rushford's motion to dismiss, motion to stay, and motion for sanctions are denied. An appropriate order will be entered.

Date: September 2, 2015

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

---

[4]   To the extent that Salas Rushford insists the Puerto Rico action was advanced by ABIM in bad faith, it is worth noting that the filing of the case itself arguably could have been avoided had he consented to the tolling agreement proposed by ABIM on February 18, 2015.